[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-13056

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TYDEARAIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:07-cr-00025-JDW-AAS-1

_____

2                    Opinion of the Court                    19-13056

Before WILLIAM PRYOR, Chief Judge, JORDAN, Circuit Judge, and BROWN,* District Judge.

JORDAN, Circuit Judge:

This case concerns the process to which a defendant is entitled when he seeks relief under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194.

I

In 2007, Tydearain Smith was convicted of possession of 5 grams or more of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B), and the brandishing of a firearm in the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to a term of 210 months of imprisonment on the crack cocaine conviction, and a consecutive term of 84 months of imprisonment on the firearm conviction. Based on Amendments 706 and 782 to the Sentencing Guidelines, the district court subsequently reduced Mr. Smith's sentence on the crack cocaine conviction, first to 168 months of imprisonment, and then to 135 months of imprisonment.

Mr. Smith wrote a letter to the district court in 2019 asking whether he was eligible for a sentence reduction under the First Step Act, and requesting the appointment of counsel to file a motion under the Act. The letter contained no substantive arguments

---

* Honorable Michael L. Brown, United States District Judge for the Northern District of Georgia, sitting by designation.

on eligibility.  Nor did it set out the grounds supporting a reduction.

The district court appointed the Federal Public Defender's Office to represent Mr. Smith.  As part of the standard procedure in the Middle District of Florida, the probation office prepared a memorandum advising the court that Mr. Smith was ineligible for a sentence reduction under the First Step Act.  The Federal Public Defender's Office subsequently entered an appearance as counsel of record for Mr. Smith.

In an order issued before we decided *United States v. Jones*, 962 F.3d 1290, 1298–1300 (11th Cir. 2020) (addressing the meaning of the term "covered offense" in § 404 of the First Step Act), the district court construed Mr. Smith's *pro se* letter as a motion requesting a reduction under the Act.  Without receiving briefing from the parties, the court denied the construed motion as moot, concluding that Mr. Smith was not eligible for a reduction under the Act.

Mr. Smith filed a *pro se* motion for reconsideration.  Federal Public Defender's Office also filed a motion for reconsideration, arguing that Mr. Smith was eligible for relief under the First Step Act because (a) the statute of conviction—as opposed to his actual conduct and possible penalties—dictated whether he was eligible for a reduction, and (b) the penalties for his statute of conviction had changed.

The district court ordered the government to respond to Mr. Smith's motions for reconsideration, "including all substantive arguments." The parties then filed a joint motion for reconsideration requesting a briefing schedule to allow litigation over Mr. Smith's eligibility for a sentence reduction and all other "substantive legal and factual arguments for relief." The court denied the motion and ordered the government to respond as originally directed.

In its response, the government argued that Mr. Smith was ineligible for relief under the First Step Act for the reasons stated by the probation office. Mr. Smith, through counsel, requested leave to reply to the government's response so that he could present factual and legal arguments to support his request for relief.[1]

The district court denied Mr. Smith's *pro se* and counseled motions for reconsideration and for leave to file a reply. It again concluded that Mr. Smith was ineligible for relief under the First Step Act because the penalties he faced for the drug quantity established in the presentence investigation report had not changed. The court alternatively ruled that, even if Mr. Smith were eligible for relief, a "further reduction [was] not warranted" because he

---

[1] Mr. Smith also mailed a *pro se* letter to the district court. He asserted that he was a "changed man" and a "model inmate" who had improved himself during his incarceration and set out his strong desire to be with his family. Under the Middle District's local rules, this communication was improper because a represented person "can appear through the lawyer only." M.D. Fla. R. 2.02(b)(3).

perjured himself at trial, brandished a firearm during his crime, stipulated that the cocaine base he possessed was 94% pure, and had already benefitted from two sentence reductions by virtue of retroactive amendments to the sentencing guidelines.

This appeal followed. Following a review of the record, and with the benefit of oral argument, we reverse and remand because Mr. Smith was not provided an opportunity to be heard as to why he merited a sentence reduction.

## II

The first question is whether Mr. Smith is eligible for a sentence reduction under the First Step Act. Exercising plenary review, *see Jones*, 962 F.3d at 1296, we agree with the parties that Mr. Smith is eligible.

Mr. Smith was convicted of possessing 5 grams or more of crack cocaine with the intent to distribute. At the time he was sentenced, the statutory penalty for this offense was 5 to 40 years of imprisonment. *See Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (describing the pre-2010 sentencing scheme for crack cocaine offenses under 21 U.S.C. § 841). Because Mr. Smith had an enhancement under 21 U.S.C. § 851, his statutory penalty increased to 10 years to life imprisonment.

Under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372—made retroactive by the First Step Act—a narcotics offense involving less than 28 grams of crack cocaine now carries a statutory penalty of up to 20 years with no mandatory

6                    Opinion of the Court                    19-13056

minimum. With an § 851 enhancement, such an offense carries a maximum sentence of 30 years, again with no mandatory minimum. *See* Fair Sentencing Act, § 2. Because Mr. Smith's statutory penalty for his crack cocaine offense has been modified by the retroactive application of the Fair Sentencing Act, his conviction is a "covered offense" under § 404(a) of the First Step Act and he is eligible for a reduction under § 404(b). *See Terry*, 141 U.S. at 1862; *Jones*, 962 F.3d at 1302–03.[2]

The second question is whether the district court erred in alternatively denying relief to Mr. Smith under the First Step Act. We review a decision to deny relief under the Act for abuse of discretion. *See Jones*, 962 F.3d at 1296. As we have explained in several cases, a "district court's alternative exercise of discretion in denying a First Step Act motion can suffice for affirmance." *United States v. Gonzalez*, 9 F.4th 1327, 1332 (11th Cir. 2021). *See also United States v. Potts*, 997 F.3d 1142, 1145–46 (11th Cir. 2021). Under the circumstances presented here, however, the alternative denial cannot stand.

"'[A] defendant can file only one motion for resentencing" under the First Step Act, and a second motion is barred "if the first was denied after a complete review . . . on the merits." *United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020) (internal

---

[2] As noted earlier, the district court did not have the benefit of our decision in *Jones* when it ruled that Mr. Smith was not eligible for relief under the First Step Act.

quotation marks and citation omitted, and emphasis removed).  As noted, the district court construed Mr. Smith's *pro se* motion for appointment of counsel—which contained no arguments about eligibility and no reasons as to why a reduction would be appropriate—as a motion for a sentence reduction under the First Step Act. Assuming without deciding that it was correct to do so, *cf. United States v. Russell*, 994 F.3d 1230, 1242–43 (11th Cir. 2021) (Branch, J., concurring in the judgment) (asserting that the district court in that case should not have construed the defendant's motion for appointment of counsel as a motion for a sentence reduction under the First Step Act), the court should not have rendered an alternative ruling on whether Mr. Smith merited a sentence reduction without giving him an opportunity to be heard on the issue.

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006).  We have said that the complete denial of the opportunity to be heard on a material issue is a violation "of due process which is never harmless error," *Republic Nat'l Bank of Dallas v. Crippen*, 224 F.2d 565, 566 (5th Cir. 1955), and have reversed district court orders and judgments in a variety of settings when such an opportunity was not provided. *See, e.g., McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021); *S.E.C. v. Torchia*, 922 F.3d 1307, 1318–19 (11th Cir. 2019); *United States v. Shaygan*, 652 F.3d 1297, 1317–18 (11th Cir. 2011); *Parker v. Williams*, 862 F.2d 1471, 1474–75, 1481–82 (11th Cir. 1989), *overruled on other grounds by*

*Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir. 1998) (en banc); *Council of Federated Organizations v. Mize*, 339 F.2d 898, 900–01 (5th Cir. 1964).

Here, Mr. Smith did not have an opportunity to present arguments in support of his request for a sentence reduction under the First Step Act. The district court based its initial denial of the construed motion on eligibility grounds, and when Mr. Smith moved for reconsideration he understandably only addressed whether he was eligible for relief. The court denied the parties' joint request for a briefing schedule, and also denied Mr. Smith's request for leave to file a reply to the government's submission. As a result, when the court issued its alternative ruling that Mr. Smith did not merit a reduction of his sentence it did so without hearing from him. That was error.

The government argues that the district court "was not required to await further brief[ing] from [Mr.] Smith before ruling" given the "sweeping discretion" afforded to it by Congress under the First Step Act. *See* Appellee's Br. at 26. We do not doubt the discretion point, but we cannot agree with the government's procedural assertion. Although the district court provided reasons as to why Mr. Smith did not merit a sentence reduction, it rendered its alternative ruling without hearing from him and without considering the factual and legal bases that might support a favorable exercise of discretion. The wide berth given to district courts by the First Step Act requires deferential review with respect to the ultimate exercise of discretion, but it does not speak to the process

19-13056          Opinion of the Court          9

which must be provided to the parties.  As we have explained, "[t]he denial of an opportunity to litigate can never be harmless error," and "[a] party *must* have his day in court."  *Parker*, 862 F.2d at 1481–82.  *See also McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1347 (11th Cir. 2013) (Jordan, J., concurring) ("Our cases have long held that certain procedural due process violations, such as the flat-out denial of the right to be heard on a material issue, can never be harmless.").

## III

The district court should not have alternatively denied the construed motion for a sentence reduction under the First Step Act without giving Mr. Smith the opportunity to present his factual and legal arguments in support of relief.  We therefore reverse the court's order denying the construed motion and remand for further proceedings consistent with our opinion.

**REVERSED AND REMANDED.**