[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12877

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK FREDERICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:03-cr-14041-KMM-1

_____

Before WILLIAM PRYOR, Chief Judge, and HULL and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

Patrick Williams argues that he is entitled to a reduced sentence under the First Step Act because his sentence of life imprisonment exceeds the 30-year statutory maximum for his offense. The district court denied Williams's motion for a reduced sentence, and he argues that this denial was a *per se* abuse of discretion. But we disagree. Because the First Step Act never *requires* that a movant receive a reduced sentence, we affirm.

## I. BACKGROUND

Williams was sentenced to life imprisonment for a 2004 conviction for possessing between five and 50 grams of cocaine base. At the time of his conviction, that sentence was the statutory maximum for his crime. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2000) (allowing a life sentence for possession of more than five grams of cocaine base if the offender had a previous felony drug conviction). After we vacated his first sentence, *see United States v. Williams*, 609 F.3d 1168, 1169 (11th Cir. 2010), Williams received his current life sentence in 2010. The district court selected this sentence because of Williams's denial of guilt—he alleged that there was a conspiracy to frame him—and, more importantly, because of his considerable criminal history.

Williams's criminal career began at age 13 with multiple thefts, including thefts of firearms. In between stints in juvenile and

adult correctional facilities, Williams's crimes steadily increased in gravity. He stole a car at age 15. At 18, he was convicted for violently resisting arrest. He received his first cocaine-trafficking conviction a year later. After he was released on probation for his drug conviction, Williams stormed into his girlfriend's grandmother's house and struck his girlfriend in the face. In 2007, before the resentencing relevant to this appeal, Williams was found guilty of second-degree murder and conspiracy to commit first-degree murder for his role in a murder-for-hire scheme and received a life sentence.

Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, shortly before Williams's relevant resentencing. The Fair Sentencing Act raised the threshold cocaine base quantity required to authorize a sentence of life imprisonment from five grams to 28 grams. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2006), *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2012). Williams's crime no longer triggered the drug-quantity sentencing enhancement, so the maximum sentence for his offense was only 30 years' imprisonment under the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(C) (2012). So Williams's 2010 life sentence exceeded the statutory maximum for his crime. But Williams did not appeal his sentence on that ground because it complied with the statutory maximum in force at the time of his conviction. *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (holding that the Fair Sentencing Act did not benefit defendants who committed their crimes

before its enactment), *overruled by Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In 2012, the Supreme Court held in *Dorsey v. United States* that defendants who had been convicted but not sentenced before the Fair Sentencing Act should be sentenced in accordance with that Act. 567 U.S. at 264; *see also United States v. Hinds*, 713 F.3d 1303, 1305 (11th Cir. 2013) (holding that *Dorsey* also applies to re-sentencing that occurs after the Fair Sentencing Act). Williams moved to vacate his sentence after *Dorsey*, *see* 28 U.S.C. § 2255, but he did not argue that *Dorsey* entitled him to a lower sentence. The district court denied his motion.

In 2018, Williams filed a motion for a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Williams was eligible for relief under the First Step Act because his offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a) (internal citation omitted). The district court exercised its discretion to deny relief. *Cf. id.* § 404(b) ("A court that imposed a sentence for a covered offense *may* . . . impose a reduced sentence . . . ." (emphasis added)).

The district court reviewed the parties' arguments and based its decision primarily on the factors that it applied at his original sentencing. *See* 18 U.S.C. § 3553(a). As it had on previous occasions, the district court highlighted Williams's extensive criminal history, which "include[d], but [was] not limited to: armed

robberies, multiple offenses involving firearms, grand theft, battery on a law enforcement officer, possession with intent to sell a controlled substance, and[,] most notably, second degree murder." The district court found that concerns about disparities in sentencing and evidence of Williams's rehabilitation weighed somewhat in his favor. But it determined that Williams's "significant criminal history present[ed] considerations that [were] unique to this case and weigh[ed] heavily against a reduction [in] sentence." The district court left Williams's life sentence intact "to adequately reflect the seriousness of [Williams's] conduct, provide for adequate specific and general deterrence, and protect the public from further crimes by [Williams]."

In his first notice of supplemental authority to the district court, Williams argued that *Dorsey* meant his 2010 life sentence was illegal, so the district court "must correct that error" and "vacate[]" his sentence. The district court rejected this argument because it determined that "[t]he First Step Act does not provide a mechanism for a [d]efendant to challenge the legality of his sentence" under *Dorsey*. Instead, the district court suggested that Williams's arguments were better suited for a motion to vacate. And the district court "decline[d] to exercise its discretion" in Williams's favor on the basis of the legal error in his 2010 sentencing.

In his second supplemental filing, Williams cited *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021). In that decision, the Fourth Circuit held that in First Step Act proceedings, the district court is "constrained by the retroactively applicable statutory

maximums in [21 U.S.C. section] 841, such that the district court abuse[s] its discretion" if it leaves intact "a sentence that was made illegal under the Fair Sentencing Act." *Id.* at 357. *Collington*'s reasoning, Williams implicitly argued, entitled him to a reduced sentence as a matter of law because his sentence exceeded statutory limits when it was imposed and was not "made illegal" after the fact. *Id.* The district court disagreed. It did not find *Collington* persuasive "in light of the clear language of the First Step Act, which states that nothing in [section] 404 shall be construed to require a court to reduce any sentence pursuant to this section." (internal quotation marks omitted) (quoting *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020)).

## II. STANDARD OF REVIEW

"We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023) (citation omitted).

## III. DISCUSSION

We divide our discussion into two parts. We first explain that the district court had the discretion to leave Williams's sentence intact. We then explain that the district court gave an adequate "brief statement of reasons" for the exercise of its discretion, contrary to Williams's arguments. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

The text of the First Step Act forecloses Williams's argument that because his current sentence exceeds the statutory maximum, he is entitled to a reduced sentence as a matter of law. The First Step Act provides that a district court "*may . . .* impose a reduced sentence" if the movant is eligible for relief. First Step Act, § 404(b) (emphasis added). So a district court has the discretion to deny *any* eligible movant's request for a reduced sentence. *See, e.g.*, *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005) ("The word 'may' customarily connotes discretion."). Even if section 404(b) were ambiguous—and it is not—the Act also provides that "[n]othing in this section shall be construed to require a court to reduce *any sentence* pursuant to this section." First Step Act, § 404(c) (emphasis added). It cannot be, as Williams argues, "a *per se* abuse of discretion" for a district court "to leave an illegal sentence intact under [s]ection 404(b)." No argument for a reduced sentence can make denying relief a *per se* abuse of discretion.

While this appeal was pending, the Supreme Court confirmed the plain meaning of section 404(b), and the Fourth Circuit recognized that the *Collington* decision on which Williams relies is no longer good law. The Supreme Court explained that "a district court is not required to modify a sentence *for any reason*." *Concepcion*, 142 S. Ct. at 2402 (emphasis added). Instead, the First Step Act imposes on district courts only "the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments" in "a brief statement of reasons." *Id.* at 2404. The Fourth Circuit later acknowledged that "*Concepcion* makes clear

that district courts . . . are not required to reduce any sentence. . . . Thus, *Collington*'s reasoning and holding conflict with the Supreme Court's reasoning in *Concepcion*." *United States v. Reed*, 58 F.4th 816, 821 (4th Cir. 2023).

Williams's argument that the district court committed a *per se* abuse of discretion is a veiled collateral attack on the legality of his sentence. But Williams "cannot use a motion for a reduced sentence to relitigate" the statutory maximum penalty for his offense, just as movants cannot use First Step Act motions to relitigate factual predicates for sentencing enhancements. *See Jackson*, 58 F.4th at 1338. Instead, a motion to vacate is the proper vehicle for collateral challenges to the legality of a federal sentence, and Williams missed his chance for that relief by failing to raise *Dorsey* in his 2012 motion. *See* 28 U.S.C. § 2255(a) (allowing a motion to correct a sentence that "was in excess of the maximum authorized by law"); *id.* § 2255(h) (barring second or successive motions, subject to narrow exceptions).

The district court also adequately explained its decision to deny Williams's motion. Williams argues that the district court "provided no reasoned basis" for its decision and that we can affirm only if we "interpret[] . . . [s]ection 404(c) as conferring limitless discretion to deny relief." The record flatly contradicts this assertion. The district court recounted Williams's arguments, weighed the section 3553 factors—especially Williams's grave criminal history—to guide its discretion, and addressed Williams's notices of supplemental authority. Neither the First Step Act nor *Concepcion*

21-12877                Opinion of the Court                9

requires more. *See Concepcion*, 142 S. Ct. at 2404 (requiring only "a brief statement of reasons" that establishes that the district court considered the movant's arguments).

## IV. CONCLUSION

We **AFFIRM** the order denying Williams's motion to reduce his sentence.