[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11913

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TYDEARAIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:07-cr-00025-JDW-AAS-1

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Tydearain Smith appeals the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act. After review of the parties' briefs and the record, we conclude that the district court did not abuse its discretion in denying Mr. Smith's motion. We therefore affirm.[1]

## I

In 2007, Mr. Smith was convicted of possession of 5 grams or more of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B), and the brandishing of a firearm in the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to a term of 210 months of imprisonment on the crack cocaine conviction, and a consecutive term of 84 months of imprisonment on the firearm conviction, followed by an eight-year term of supervised release. The district court subsequently reduced Mr. Smith's sentence on the crack cocaine conviction, first to 168 months of imprisonment, and then to 135 months of imprisonment, based on Amendments 706 and 782 to the Sentencing Guidelines.

This is Mr. Smith's second appeal related to the denial of his motion for a sentence reduction under § 404(b) of the First Step

---

[1] Because we write for the parties, and assume their familiarity with the record, we set out only what is necessary to explain our decision.

Act.  In Mr. Smith's first appeal, we held that he was eligible for a sentence reduction under § 404(b) and that the district court should not have denied Mr. Smith's motion without giving him the opportunity to present his factual and legal arguments in support of relief. *See United States v. Smith*, 30 F.4th 1334, 1338–39 (11th Cir. 2022). We therefore reversed the district court's order and remanded for further proceedings.  *See id*. at 1339.

On remand, the district court directed the parties to address Mr. Smith's entitlement to a sentence reduction under the First Step Act.  Mr. Smith then filed an unopposed motion requesting relief primarily due to his exemplary post-sentencing record.  Highlighting his lack of disciplinary infractions and his successful pursuit of educational and work opportunities, Mr. Smith asked the district court to reduce his sentence to a total term of imprisonment of 185 months or time served, whichever is greater, to be followed by six years' supervised release.

A few days after Mr. Smith filed his motion, the district court denied it without holding a hearing.  The district court's order acknowledged Mr. Smith's argument, commended him on his post-sentencing conduct and success, but concluded that a sentence reduction was not warranted.  The district court found that a sentence reduction would not promote respect for the law, encourage deterrence, or protect the public considering the nature and circumstances of Mr. Smith's underlying offense and the reasons his sentence was enhanced—including the brandishing of a firearm, the danger he posed to the arresting officer, and his perjury at trial.

After considering the factors set out in 18 U.S.C. § 3553(a), the district court denied Mr. Smith's motion.

This appeal followed.[2]

## II

"We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023) (citation omitted).

## III

Mr. Smith argues that the district court abused its discretion in denying his motion for relief under the First Step Act. *See* Appellant's Br. at 11. According to Mr. Smith, the district court's order "did not adequately explain its sentencing decision for meaningful appellate review." *Id.* at 12. Mr. Smith insists that the district court was "cursory," "perfunctory," and "did not provide enough analysis." *Id.* at 22.

We are unpersuaded by Mr. Smith's arguments. The district court gave an adequate "brief statement of reasons" for the exercise

---

[2] Although Mr. Smith has been released from custody, this appeal is not moot because he requested that the supervised-release portion of his sentence, which he is now serving, be reduced from eight years to six years. *See United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021) (recognizing that having an expired term of imprisonment does not render a challenge to the denial of a sentence reduction moot where the defendant is still serving supervised release and the appeal relates to that aspect of the sentence).

of its discretion. *See Concepcion v. United States*, —— U.S. ——, 142 S. Ct. 2389, 2404 (2022).

### A

The First Step Act provides that a district court "*may . . .* impose a reduced sentence" if the movant is eligible for relief. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (emphasis added). "So a district court has the discretion to deny *any* eligible movant's request for a reduced sentence." *United States v. Williams*, 63 F.4th 908, 912 (11th Cir. 2023) (emphasis in original) (citing *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005)). The First Step Act also provides that "[n]othing in this section shall be construed to require a court to reduce *any sentence* pursuant to this section." *Id.* (alteration and emphasis in original) (internal quotation marks omitted). The Supreme Court has explained that "a district court is not required to modify a sentence *for any reason.*" *Concepcion*, 142 S. Ct. at 2402 (emphasis added). Instead, according to the Supreme Court, the First Step Act imposes on district courts only "the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments" in "a brief statement of reasons." *Id.* at 2404.

The district court here properly exercised its discretion in denying Mr. Smith's motion for a sentence reduction under the First Step Act. The district court observed that Mr. Smith had not addressed any of the reasons that had accounted for his enhanced sentence—committing perjury at trial, brandishing a firearm, attempting to flee, and pointing a gun at the arresting officer. *See*

D.E. 156 at 2. The district court's order specifically noted Mr. Smith's post sentencing record, and "commended" him "for his post-sentencing conduct and success thus far." *Id*. Although the district court acknowledged Mr. Smith's argument that "the court should exercise its discretion to reduce his sentence based on his post-sentencing rehabilitation" and "the parties['] agreement that a reduction [was] appropriate," the district court was not persuaded by that argument. *Id*. The district court explained that, "[c]onsidering the nature and circumstances of [Mr. Smith's] underlying offense, the reasons his sentence was enhanced, including the brandishing of a firearm, the danger he posed to the arresting officers, and his trial perjury, a sentence reduction would not promote respect for the law, promote deterrence, or protect the public." *Id*. As such, the district court concluded that "[h]aving considered the factors in § 3553(a)," a sentence reduction was not "warranted" even though Mr. Smith is "eligible for relief under the First Step Act." *Id*. at 2–3.

In light of the explanation the district court provided in its order, which addressed Mr. Smith's argument, commended him for his post-sentencing record, and considered and weighed the § 3553(a) factors, we conclude that the district court provided a reasonable basis and adequate explanation for its decision. *See Williams*, 63 F.4th at 912 (holding that the district court provided a reasoned basis for its decision because it recounted the defendant's arguments, weighed the § 3553 factors to guide its discretion, and addressed the defendant's notices of supplemental authority). "Neither the First Step Act nor *Concepcion* requires more." *Id*. *See also*

*Concepcion*, 142 S. Ct. at 2404 (requiring only "a brief statement of reasons" that establishes that the district court considered the movant's arguments).

## B

Mr. Smith takes issue with the district court's alleged failure to "thoroughly assess[ ] [his] unopposed arguments in favor of a sentence reduction, backed up by supporting documents." Appellant's Br. at 12. But this argument fails. The district court considered, and even "commended," Mr. Smith's post-sentencing accomplishments—no disciplinary reports, completion of numerous educational and vocational programs, completion of his GED and drug education treatment, and his continuous employment—but ultimately was not persuaded. *See Concepcion*, 142 S. Ct. at 2405 ("The First Step Act does not require a district court to be persuaded by the nonfrivolous arguments raised by the parties before it[.]").

Mr. Smith also takes issue with the length of the district court's discussion and the brief time it took the district court to rule on his motion. *See* Appellant's Br. at 11–12. According to Mr. Smith, the district court only spent three sentences discussing his argument and ruled on the motion four days after it was filed. *See id.* at 17, 19. Mr. Smith's argument is unavailing. First, when exercising its discretion under the First Step Act, a district court's explanation, just as in the initial sentencing context, "need not necessarily be lengthy, it just must make clear that the court had a reasoned basis for choosing to reduce or to not reduce a defendant's sentence under the First Step Act." *Stevens*, 997 F.3d at 1317

(internal quotation marks omitted).  Second, the district court that ruled on Mr. Smith's § 404(b) motion was the same court that sat through Mr. Smith's trial, sentenced him, and ruled on his first § 404(b) motion, so its quick disposition is not necessarily a sign of lack of consideration but rather a reflection of its familiarity with the record.

Mr. Smith further argues that the district court "mentioned the § 3553(a) factors without any explanation or elucidation, other than once again alluding to the same 'alternate' findings regarding the underlying offense."  Appellant's Br. at 12.  Mr. Smith's argument is unpersuasive because it ignores the crux of the district court's analysis.  As previously discussed, the district court specifically relied on three of the § 3553(a) factors—promoting respect for the law, promoting deterrence, and protecting the public—but ultimately concluded that they favored the denial of Mr. Smith's requested sentence reduction.  *See* D.E. 156 at 2.  Although Mr. Smith might disagree with the weight the district court gave to the § 3553(a) factors, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

In sum, the district court committed no error in denying Mr. Smith's request for a sentence reduction under the First Step Act.

## IV

We affirm the district court's order denying Mr. Smith's motion for a reduction of his sentence under the First Step Act.

**AFFIRMED.**