[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10156

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NEIL C. JOHNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:07-cr-00497-WFJ-TGW-4

_____

Before Brasher, Abudu, and Marcus, Circuit Judges.

PER CURIAM:

Neil C. Johns appeals *pro se* the district court's denial of his motion for compassionate release, in which he sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on his multiple hernia surgeries, increased COVID-19 infection risk, and extensive rehabilitation efforts, as well as intervening changes to the law governing his prior offenses. On appeal, he argues that: (1) his three hernia surgeries elevated his risk of severe illness from COVID-19 and constituted an extraordinary and compelling medical condition under U.S.S.G. § 1B1.13, comment. (n.1(A)), rendering him eligible for early release; (2) the district court should have considered on its own motion whether he demonstrated extraordinary and compelling reasons for relief under the catch-all provision, U.S.S.G. § 1B1.13, comment. (n.1(D)); (3) the district court abused its discretion in determining that compassionate release was not warranted under the sentencing factors found in 18 U.S.C. § 3553(a); and (4) he was denied due process of the law because he was not permitted to reply to the government's opposition to his early release. After careful review, we affirm.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). We will then review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v.*

*Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.* The abuse of discretion standard is not "simply a rubber stamp" because a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quotations omitted).

Before the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("the Director"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted the reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018). In 2018, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf, or the lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). When the district court finds that one of these three prongs

is not met, it is not required to examine the other prongs. *Giron*, 15 F.4th at 1348. Factors under § 3553(a) that the district court may consider include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence. 18 U.S.C. § 3553(a).

Relevant here, the Guidelines commentary to U.S.S.G. § 1B1.13 has long provided that "extraordinary and compelling reasons" for compassionate release exist, in part, if "[t]he defendant is suffering from . . . a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, comment. (n.1(A)) (2022). The other two enumerated reasons include serious deterioration due to age with significant time served and death or incapacitation of the caregiver of a prisoner's minor child or spouse. *Id.*, comment. (n.1(B)–(C)). The commentary also contains a catch-all provision for "other reasons," which may make a prisoner eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific reasons listed. *Id.*, comment. (n.1(D)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3).

We've noted that the fact that a prisoner has an ailment that could possibly make his risk of a serious illness more likely if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an "extraordinary and compelling reason" for early release from prison. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). A district court also does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison, despite the existence of the COVID-19 pandemic. *Giron*, 15 F.4th at 1346 (high cholesterol, hypertension, and coronary artery disease).

In *Bryant*, we concluded that § 1B1.13 applies to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, so a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons," reading in the reasons listed in Commentary Note 1(A)–(D). 996 F.3d at 1249. Still, we concluded that the catch-all provision in Application Note 1(D) to § 1B1.13 did not grant to district courts, rather than the Director, the discretion to develop other reasons outside those listed in Application Note 1(A)–(C) that might justify a reduction in a defendant's sentence, even after the FSA authorized defendants to file motions for compassionate release without authorization by the Director. *Id.* at 1248, 1263–65.

In *Concepcion v. United States*, the Supreme Court held in the context of a motion for a sentence reduction under § 404 of the FSA that "the First Step Act allows district courts to consider

intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 597 U.S. 481, 500 (2022). Specifically, it held that the court may consider changes under the § 3553(a) framework after finding the defendant otherwise eligible for a sentencing reduction and need only "make clear" that it considered the parties' arguments, with no "detailed explanation" necessary and no more than a "brief statement of reasons" required to account for the court's decision. *Id.* at 493–94, 500–01.

When the district court analyzes the § 3553(a) factors, the weight it gives to any specific factor is committed to the sound discretion of the court. *Tinker,* 14 F.4th at 1241. A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotations omitted). Where consideration of the § 3553(a) factors is mandatory, district courts need not address each of the § 3553(a) factors nor all of the mitigating evidence. *Id.* Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* The record must indicate that the district court considered a number of the factors. *Id.* Generally, "[t]he discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings" when applying the § 3553(a) factors and the district court need only articulate a brief statement of reasons for its decision, considering all nonfrivolous arguments, but may "dismiss arguments that it

does not find compelling without a detailed explanation." *Concepcion*, 597 U.S. at 492, 501.

In *United States v. Smith*, a prisoner wrote a letter to the district court asking whether he was eligible for a sentencing reduction under the FSA and requesting the appointment of counsel to file a motion, which the court construed as a motion requesting a sentencing reduction and denied without any briefing.  30 F.4th 1334, 1336 (11th Cir. 2022).  We held that the district court's denial was improper because Smith did not have an opportunity to present his factual and legal arguments in support of a sentencing reduction, denying him the opportunity to litigate.  *Id.* at 1338–39.  That said, Local Rule 3.01(d) of the Middle District of Florida provides that, "[w]ithout leave, no party may file a reply directed to a response except a response to a motion for summary judgment."  M.D. Fla. R. 3.01(d).  The rule provides for a "motion requesting leave to reply" that "must not exceed three pages" and "must specify the need for, and the length of, the proposed reply."  *Id.*

Here, the district court did not err in denying Johns's § 3582(c)(1)(A) motion for compassionate release, which sought relief based on Johns's combined risk of COVID-19 exposure in prison and his vulnerability and challenges in taking care of himself in the wake of three hernia surgeries.  For starters, Johns was not entitled to early release under Application Note 1(A), which pertains to serious medical conditions diminishing a prisoner's ability to provide self-care in prison.  Notably, Johns provided no health documentation substantiating the claim that his hernia surgeries

posed a severe risk or impaired his ability to care for himself. But even if he had, we've held that neither an ailment that *could* elevate the risk of serious illness from COVID-19 exposure nor a health condition that *may be managed in prison* despite COVID-19 constitutes an extraordinary and compelling reason for a reduction in sentence. *See Harris*, 989 F.3d at 912; *Giron*, 15 F.4th at 1346.

Johns next claims that he was entitled to relief under the catch-all provision found in Application Note 1(D), which renders a defendant eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific reasons listed. However, our precedent squarely holds that the catch-all provision does not give a district court discretion to make this determination; only the Director can do so. *See Bryant*, 996 F.3d at 1263–65. As a result, the district court was not permitted to consider -- much less required to consider on its own motion -- whether Johns's separate health conditions or other arguments about the career-offender enhancement satisfied the catch-all provision. In short, the district court did not err in finding that Johns failed to show an extraordinary and compelling reason under the commentary and, thus, that he was ineligible for relief under U.S.S.G. § 1B1.13.

What's more, even if Johns were eligible for compassionate release, the district court did not abuse its discretion in determining that compassionate release was not warranted under the § 3553(a) factors. Johns argues that the district court failed to consider

changes to the law that would have precluded his sentencing as a career offender today, but the court expressly acknowledged Johns's argument about the sentencing enhancement. Nevertheless, the court emphasized that Johns's offense of conviction was "especially serious" because it involved a planned home invasion and an armed co-conspirator. *See Tinker*, 14 F.4th at 1241. In so doing, the district court considered Johns's argument about his sentencing enhancement at the appropriate time -- at the discretionary stage of analysis in the context of the other § 3553(a) factors, *see Concepcion*, 493–94, 500–01 -- specifically describing Johns's argument as to his sentencing enhancement before finding it was outweighed by the seriousness of the offense, a § 3553(a) factor. *See id*. at 492, 501. We cannot say that the district court acted outside of its broad discretion by according significant weight to the "especially serious" nature of Johns's offense. Nor are we persuaded by Johns's argument that the district court improperly failed to discuss his "extensive rehabilitation effort[]," which is not, in of itself, an extraordinary and compelling reason for early release. *See* U.S.S.G. § 1B1.13, comment. (n.3). As we've noted, the court was not required to address every § 3553 argument or piece of mitigating evidence. *See Tinker*, 14 F.4th at 1241.

Overall, the court demonstrated that it afforded consideration to Johns's arguments and the § 3553(a) factors, commenting that it "read all the filings" and "reviewed the record" in finding that Johns's "conduct under the 18 U.S.C. § 3553(a) factors . . . counsel[s] strongly against relief" because of the seriousness of his offense. *See id*. Johns has not shown that the district court abused

its discretion in determining that compassionate release was not warranted under the § 3553(a) factors. *See id.*

Finally, as for Johns's claim that he was improperly denied due process of the law because he was not permitted to respond to the government's brief in opposition to his motion for compassionate release, his argument fails. *See Smith*, 30 F.4th at 1338–39. Unlike the prisoner in *Smith*, who was denied compassionate release following an informal letter he'd sent to the district court, Johns was able to present his factual and legal arguments in support of a sentencing reduction in his initial brief and was not denied the opportunity to litigate. *See id.* Further, Johns did not have the right to respond without moving for permission to file a reply. *See* M.D. Fla. R. 3.01(d). As the record reflects, almost two months elapsed between the government's response to Johns's motion and the district court's order, yet Johns did not file a motion for leave to file a reply to the government's response.

Accordingly, the district court properly denied Johns's motion for compassionate release, and we affirm.[1]

---

[1] We recognize that during the pendency of Johns's appeal, on November 1, 2023, an amendment to § 1B1.13 took effect to reflect that a defendant may now file a motion for compassionate release under the FSA using the broader definitions of extraordinary and compelling reasons. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,255 (May 3, 2023) (providing that "[t]he defendant [may] present[] any other circumstance or combination of circumstances that, when considered by themselves or together" with any enumerated reasons, are similar in gravity to those enumerated reasons). The amendment also expands the definition of an extraordinary and compelling medical circumstance to include when "the defendant is

**AFFIRMED.**

---

housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency" and, "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death" and "such risk cannot be adequately mitigated." *Id.* at 28,254–55.

However, in reviewing a district court's application of the Guidelines on direct appeal, we apply the version of the Guidelines in effect on the date of the sentencing hearing. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). While we can consider post-hearing *clarifying* amendments to the Guidelines, we will not review *substantive changes* to the Guidelines or apply them retroactively. *Id.* An amendment amounts to a substantive change if, among other things, it alters the text of the Guideline itself or only the commentary. *Id.* at 1185. In this instance, it is plain that the amendment to § 1B1.13 -- which expands the definition of an extraordinary and compelling medical circumstance and allows courts to develop reasons for relief under the catch-all provision -- is a substantive change that we cannot apply retroactively on appeal. *Id.* Moreover, the government recognizes in its brief the possibility that Johns could seek relief based on the amendment after its effective date.