[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12243

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TONY JAY SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:05-cr-14026-DLG-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

　　Tony Saunders appeals his sentence of 48 months' supervised release[1] imposed upon revocation of supervised release. Saunders asserts the district court plainly erred by failing to sentence him as if the revised penalties implemented by the Fair Sentencing Act of 2010 (Fair Sentencing Act), Pub. L. No. 111-220, 124 Stat. 2372 (2010),[2] were in effect at the time he committed the underlying offense for which he was serving a term of supervised release. Saunders also contends the district court's imposition of a 48-month term of supervised release is substantively unreasonable because the district court gave improper weight to Saunders's criminal history and the nature of his revocation offense and failed to give adequate weight to several mitigating factors. After review, we affirm the district court.

---

[1] The district court sentenced Saunders to 13 months' incarceration, followed by a 48-month term of supervised release. Saunders completed his term of incarceration prior to this appeal and appeals only his term of supervised release.

[2] In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Fair Sentencing Act; *United States v. Russell*, 994 F.3d 1230, 1234 (11th Cir. 2021). However, the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

23-12243                Opinion of the Court                3

## I.  FAIR SENTENCING ACT

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may impose a term of supervised release after imprisonment. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016); 18 U.S.C. § 3583(h).  The length of such a term of supervised release shall not exceed the maximum term authorized for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *Id.*  But a new term of supervised release is not bound by the length of the previously imposed term of supervised release and may be longer than the initial term that was imposed. *United States v. Pla*, 345 F.3d 1312, 1314-15 (11th Cir. 2003).  The aggregate of pre-revocation and post-revocation supervised release terms may exceed the maximum length of supervised release imposable for the underlying offense. *United States v. Mazarky*, 499 F.3d 1246, 1250-51 (11th Cir. 2007).

In *United States v. Gonzalez*, we held that because a period of supervised release is a part of the sentence for the underlying conviction, a sentence imposed upon revocation of supervised release is "eligible" for a reduction under the First Step Act[3] when the

---

[3] In 2018, Congress enacted the First Step Act, which permits courts to reduce the sentences of defendants who were sentenced for covered offenses before the adoption of the Fair Sentencing Act.  First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).  A court that imposed a sentence for a covered offense may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed.  First Step Act § 404(b).

original offense was a covered offense under the Act.  71 F.4th 881, 884-85 (11th Cir. 2023).  But even if a defendant is eligible for a reduction under the First Step Act, district courts are not required to impose a reduction.  *Id.* at 885.  Even where a defendant's original sentence exceeds the revised statutory maximum under the Fair Sentencing Act, the sentence was not made retroactively illegal by the Fair Sentencing Act, and the First Step Act does not require a district court to lower the defendant's sentence.  *United States v. Williams*, 63 F.4th 908, 911-12 (11th Cir. 2023).  When a defendant requests a First Step Act reduction from the district court, the district court is not automatically required to calculate what the new sentencing range would be before denying the reduction, and the failure to do so does not constitute *per se* error.  *Gonzalez*, 71 F.4th at 886.

Because Saunders did not raise this issue before the district court at sentencing, we review only for plain error.  *See United States v. Owens*, 96 F.4th 1316, 1320 (11th Cir. 2024) (stating if a defendant fails to raise a procedural objection at sentencing and then raises that objection for the first time on appeal, we review only for plain error).  First, neither the Fair Sentencing Act nor the First Step Act retroactively changed the maximum supervised release penalties applicable to Saunders' underlying offense.  *See Williams*, 63 F.4th at 911-12.  One of Saunders' original offenses, possession with intent to distribute five grams or more of cocaine base, was a covered offense under the First Step Act.  For a sentence imposed in 2006, the statutory minimum for a defendant convicted for possession with intent to distribute five grams or more of cocaine base for a

23-12243                Opinion of the Court                5

defendant with a prior felony drug conviction was ten years' imprisonment, with a maximum of life imprisonment, followed by a minimum term of eight years' supervised release.  21 U.S.C. § 841(b)(1)(B) (2006).  The revised statutory penalty for that offense after passage of the Fair Sentencing Act is a maximum of 30 years' imprisonment, followed by a minimum of 6 years' supervised release.  21 U.S.C. § 841(b)(1)(C) (2018).  Neither the previous nor revised version of the statute provide a maximum sentence for supervised release, and we have held that a statute that does not have a maximum term of imprisonment authorizes a term up to life. *See United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (holding 18 U.S.C. § 924(e) authorizes life imprisonment even though the statute does not expressly state a maximum).  While the First Step Act gives the district court discretion to sentence Saunders as if the Fair Sentencing Act's revised penalties were in effect at the time he committed his underlying offense, neither the Fair Sentencing Act nor the First Step Act retroactively lowered his statutory maximum of a lifetime sentence of supervised release.[4] *See Williams*, 63 F.4th at 911-12.

---

[4] Saunders incorrectly asserts the statutory maximum penalty applicable to his underlying offense under current law is six years of supervised release.  The minimum terms of supervised release mandated by § 841(b)(1)(C) are not maximum terms and are not limited by the terms set out in 21 U.S.C. § 3583(b). *See United States v. Sanchez*, 269 F.3d 1250, 1287 (11th Cir. 2001) (*en banc*), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005).

Second, Saunders has not pointed to, and research has not discovered, any binding authority that requires a district court to *sua sponte* consider whether a defendant is eligible for a sentence reduction under the First Step Act when imposing a sentence upon revocation of supervised release that was imposed for a covered offense. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (explaining where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error if there is no precedent from either the Supreme Court or this Court that directly resolves the issue). The First Step Act gives courts discretion to reduce a sentence for a covered offense upon motion from a defendant, but the Act's text emphasizes a district court is not required to modify a sentence for any reason. While *Gonzalez* held the defendant is eligible for a sentence reduction pursuant to the First Step Act where a defendant is serving a revocation sentence and the underlying term of supervised release was imposed for a covered offense under the Fair Sentencing Act, *Gonzalez* does not require a district court to consider any revised penalties for the underlying offense when calculating an appropriate sentence. *See Gonzalez*, 71 F.4th at 884-86. Even where a defendant requests a reduction under the First Step Act at sentencing, this Court has rejected the argument the district court's failure to calculate a new sentencing range before denying the motion constitutes *per se* error. *Id.* at 886. If it is not *per se* error for a district court to abstain from calculating the potential impact of a sentence reduction even where the defense has requested such a reduction, then it is not plain error for a district court to abstain from making

such a calculation *sua sponte* when no statute, rule, or precedent requires the court to do so.

Neither the Fair Sentencing Act nor the First Step Act render Saunders' sentence illegal, despite the changed penalties under the Fair Sentencing Act. *Williams*, 63 F.4th at 911-12. And because nothing in the First Step Act or binding precedent requires a district court to *sua sponte* exercise its discretion under the First Step Act to sentence a defendant at revocation as if the revised penalties in the Fair Sentencing Act were in effect at the time he committed his underlying offense, the district court did not commit plain error by not doing so.

## II. REASONABLENESS

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release under a deferential abuse of discretion standard. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging the sentence must show that it is unreasonable considering the record and the sentencing factors set out in 18 U.S.C. § 3553(a). *Id.*

A district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Moore*, 22 F.4th 1258, 1269 (11th Cir. 2022). We will only vacate a sentence based on substantive unreasonableness if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Trailer*, 827 F.3d at 936.

The district court must impose a sentence that is sufficient, but not greater than necessary, and the court must consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a), § 3583(e). A district court's weighing of the relevant § 3553(a) factors is entitled to due deference. *King*, 57 F.4th at 1338. When weighing the factors, a district court is within its discretion to give weight to a defendant's criminal history and threat to the public. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). A district court is also permitted to give greater weight to the nature and frequency of a defendant's violations of supervised release than to whether the defendant was near completion of the term of release. *King*, 57 F.4th at 1339.

The district court's sentence of 48 months of supervised release is not substantively unreasonable. The district court acknowledged it carefully considered the parties' arguments and stated on the record it considered the § 3553(a) factors. The court explained it was placing emphasis on Saunders' criminal history, repeated violations of supervised release, and the nature of the current revocation offense. The weight of these factors was within the district court's discretion, and the fact the district court weighed them

differently than Saunders desired is insufficient to show an abuse of discretion. *See King*, 57 F.4th at 1338-39; *Sweeting*, 437 F.3d at 1107.

Saunders faced a statutory maximum of a lifetime of supervised release, minus any terms of imprisonment served upon revocation of supervised release. Saunders was not entitled to credit for his prior terms of supervised release. *See Pla*, 345 F.3d at 1314-15. The maximum length of his new term of supervised release was bound only by the statutory maximum applicable to his original offense less any time of imprisonment served upon revocation; it was not bound by the length of his previously imposed term of supervised release. *See id.*; *Mazarky*, 499 F.3d at 1250-51. The district court was within its discretion to give greater weight to the frequency and violent nature of Saunders' violations than to the fact that Saunders was near completion of his supervised release at the time of the violation. *See King*, 57 F.4th at 1339.

As it was permissible for the district court to place more weight on Saunders' criminal history, repeated violations of supervised release, and the nature of his revocation offense than on potential mitigating factors, and because Saunders was not entitled to credit for his prior terms of supervised release, regardless of how close he was to completing those terms, the district court did not

abuse its discretion in sentencing Saunders to a term of 48 months' supervised release.[5]

**AFFIRMED.**

---

[5] Saunders' passing reference to the fact he was also punished by the State for the conduct that gave rise to his violations is undeveloped and cites no authority, and thus is not properly raised on appeal. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681-82 (11th Cir. 2014) (stating if a party makes only a perfunctory passing reference to an issue without citation to any authority and without supporting arguments, that issue is not properly briefed for appeal and is considered abandoned).