[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14381

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIO SOUL GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00188-SDM-AEP-1

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

JORDAN, Circuit Judge:

When this appeal first came before us in 2021, we held that a sentence imposed upon revocation of supervised release qualifies for a reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, when the underlying crime is a covered offense under the Act. We also held that the district court had not abused its discretion in denying Antonio Gonzalez's motion for a sentence reduction. *See United States v. Gonzalez*, 9 F.4th 1327 (11th Cir. 2021). The Supreme Court granted Mr. Gonzalez's petition for certiorari, vacated our decision, and remanded for further consideration in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *See Gonzalez v. United States*, 142 S. Ct. 2900 (2022). We requested and received supplemental briefing from the parties on the impact of *Concepcion*, and now issue this revised opinion.

## I

Pursuant to a plea agreement, Mr. Gonzalez pled guilty in 2005 to possessing 50 grams or more of cocaine base (i.e., crack cocaine) with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). The district court sentenced him to 240 months in prison and 120 months of supervised release.

In 2014, the district court reduced Mr. Gonzalez's term of imprisonment to 151 months pursuant to the government's

substantial assistance motion. In 2015, the district court reduced Mr. Gonzalez's term of imprisonment to 76 months under 18 U.S.C. § 3582(c)(2).

Mr. Gonzalez began his term of supervised release in 2015. When he tested positive for cocaine and marijuana, provided false information to probation, and failed to obtain employment, his probation officer filed a petition for revocation of supervised release, and the district court issued a warrant for his arrest. The probation officer later filed a superseding petition adding new alleged criminal conduct: (1) possession of 500 grams or more of cocaine with intent to distribute; (2) possession of 28 grams or more of cocaine base; and (3) possession of a firearm in furtherance of a drug trafficking crime. Mr. Gonzalez ultimately admitted to nine violations, and the district court revoked his supervised release and sentenced him to 57 months in prison, to be served consecutively to a separate sentence imposed for the new criminal conduct.

In April of 2019, Mr. Gonzalez, proceeding *pro se*, sought to modify his 57-month sentence under § 404(b) of the First Step Act. He argued that his original narcotics conviction was now classified as a Class B felony instead of a Class A felony, and as a result his maximum prison term for a violation of supervised release was three years rather than five. The government opposed a reduction under the First Step Act. It argued that Mr. Gonzalez's current sentence was for revocation of supervised release under 18 U.S.C. § 3583(e)(3), and not for a covered offense under the First Step Act. It also alternatively asserted that, even if Mr. Gonzalez were

eligible, the district court should not reduce his sentence because his new criminal conduct and his prison disciplinary record (which included 18 violations, some involving drugs) demonstrated "a continued disrespect for authority" and "raise[d] legitimate concerns about recidivism."

The district court denied Mr. Gonzalez's motion on separate grounds. First, the district court concluded that Mr. Gonzalez was ineligible for a reduction under the First Step Act because his current sentence was for a violation of supervised release, and not for a covered offense. Second, even if Mr. Gonzalez were eligible, the district court expressly adopted the government's alternative arguments. It explained that it would not reduce his sentence due to his "unwillingness or inability to abide by the law" and his "continued lawless behavior," including the recent drug and firearm offenses.

## II

Mr. Gonzalez argues that his current sentence, imposed upon revocation of supervised release, makes him eligible for a reduction under § 404(b) of the First Step Act. He asserts that the revocation of supervised release relates back to the initial offense for which he was imprisoned, and thus that initial offense should be the focus of the eligibility determination under the First Step Act. Because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, reclassified his initial narcotics offense from a Class A to a Class B felony, he contends that his supervised release

revocation allows him to obtain a reduction under the First Step Act.

We exercise plenary review in determining whether a district court has authority to reduce a sentence under the First Step Act. *See United States v. Russell*, 994 F.3d 1230, 1236 (11th Cir. 2021); *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *vacated sub nom. Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023). On appeal, the government has changed its position on the matter of eligibility. It now concedes that Mr. Gonzalez's revocation sentence is eligible for a reduction under the First Step Act because the underlying offense was a covered offense under § 404(b). We are "not bound to accept" a party's concession on a "question of law," but based upon our independent analysis we think the government's U-turn on eligibility is "well advised." *Orloff v. Willoughby*, 345 U.S. 83, 87 (1953).

For a defendant to be eligible for a sentence reduction under the First Step Act, "the district court must have imposed a sentence . . . for a covered offense." *Jones*, 962 F.3d at 1298 (internal quotation marks omitted). The First Step Act defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act, § 404(a). *See generally Terry v. United States*, 141 S. Ct. 1858, 1862–63 (2021) (explaining eligibility under the First Step Act). There is no dispute that Mr. Gonzalez's underlying narcotics

crime, which involved the possession of crack cocaine, is a covered offense under the Act.  The remaining question, then, is whether a sentence imposed upon the revocation of supervised release qualifies for a sentence reduction under § 404(b) of the Act when the underlying crime is a covered offense.

The Supreme Court has explained that "post[-]revocation penalties relate to the original offense." *Johnson v. United States*, 529 U.S. 694, 701 (2000).  *See also United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) (plurality opinion) ("an accused's final sentence includes any supervised release sentence he may receive"). We have similarly stated that as a "general principle . . . post-revocation penalties are contemplated in relation to the original offense."  *United States v. Williams*, 790 F.3d 1240, 1251 (11th Cir. 2015).[1]

Because a "period of supervised release is simply a part of the sentence for the underlying conviction," *id.*, we join the Fourth and Sixth Circuits in holding that a sentence imposed upon revocation of supervised release is eligible for a sentence reduction under § 404(b) of the First Step Act when the underlying crime is a covered offense within the meaning of the Act.  *See United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020) ("Given that Wood[s'] current 37-month sentence relates to his original offense under 21

---

[1] Our sister circuits are in agreement.  *See, e.g., United States v. Salazar*, 987 F.3d 1248, 1256–57 (10th Cir. 2021); *United States v. Reyes-Santiago*, 804 F.3d 453, 477 (1st Cir. 2015); *United States v. Turlington*, 696 F.3d 425, 427 (3d Cir. 2012); *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2010).

U.S.C. § 841(a)(1)—a First Step Act 'covered offense'—Woods is eligible for resentencing[.]"); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) ("[G]iven that Venable's revocation sentence is part of the penalty for his initial offense, he is still serving his sentence for a 'covered offense' for purposes of the First Step Act. Thus, the district court had the authority to consider his motion for a sentence reduction just as if he were serving the original custodial sentence."). So Mr. Gonzalez was and is eligible for a sentence reduction under the First Step Act. *Concepcion*, which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence reduction pursuant to the . . . Act," 142 S. Ct. at 2404, does not affect our ruling on this point.

## III

Eligibility, of course, is not the end of the matter. As its statutory text indicates, and as we have explained, § 404(b) of the First Step Act authorizes district courts to reduce the sentences of defendants with covered offenses but does not require them to do so. *See United States v. Taylor*, 982 F.3d 1295, 1298 (11th Cir. 2020); *Jones*, 962 F.3d at 1304. That means we review for abuse of discretion a district court's decision as to whether to reduce a sentence for an eligible defendant. *See Jones*, 962 F.3d at 1296. And that standard generally provides a district court with a "range of choice" as long as the choice does not constitute a "clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). *See also Koon v. United States*, 518 U.S. 81, 100 (1996) ("A

district court by definition abuses its discretion when it makes a mistake of law.").

## A

A district court must adequately explain its decision under the First Step Act, and that usually requires providing a reasoned basis for the exercise of discretion. *See United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021). In exercising its discretion, a district court may consider the sentencing factors set forth in 18 U.S.C. § 3553(a), but it is not required to do so. *See id*. at 1316; *United States v. Potts*, 997 F.3d 1142, 1145–46 (11th Cir. 2021). And as long as it is not ambiguous, a district court's alternative exercise of discretion in denying a First Step Act motion can suffice for affirmance. *See Potts*, 997 F.3d at 1147. As explained below, we conclude that the district court here did not abuse its discretion in denying Mr. Gonzalez's First Step Act motion.

The district court stated that Mr. Gonzalez was ineligible for a reduction under the First Step Act, but alternatively assumed his eligibility and denied a sentence reduction in the exercise of its discretion. The district court based its denial on Mr. Gonzalez's "unwillingness or inability to abide by the law" and his "continued lawless behavior"—as demonstrated by his prison disciplinary record and most recent drug and firearm offenses—and a concern about recidivism.

Although the district court did not refer to the § 3553(a) factors by name, its reasons touched on two of them—the need to "afford adequate deterrence" and the need to "protect the public

from further crimes of the defendant." *See* § 3553(a)(2)(B)–(C). Where, as here, a defendant has engaged in criminal conduct while on supervised release, recidivism and deterrence are appropriate considerations in deciding whether to reduce a sentence under the First Step Act. The district court's reasons were clear, supported by the record, and did not constitute an abuse of discretion. *See Woods*, 949 F.3d at 938 (affirming denial of a First Step Act motion for reduction of a revocation sentence because the defendant's crimes while on supervised release, pattern of drug involvement, and possession of weapons indicated that the original sentence was not sufficient to promote respect for the law, protect the public, or afford adequate deterrence). *Cf. Potts*, 997 F.3d at 1146–47 (affirming district court's alternative denial of First Step Act motion, after consideration of the § 3553(a) factors, given the defendant's extensive criminal history and the seriousness of the offenses).

**B**

In a supplemental filing, Mr. Gonzalez urges us to follow the Seventh Circuit's decision in *United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020), and hold that district courts must always calculate and consider a defendant's new range under the Sentencing Guidelines before exercising their discretion under § 404(b) of the First Step Act. In *Corner*, the Seventh Circuit relied on language in § 404(c) of the Act stating that a defendant cannot file a second motion for reduction if the first motion was "denied after a complete review of the motion on the merits." *Id.* at 665. In its view, the failure to properly calculate the new range results in an uninformed

exercise of discretion and "amounts to a reversible procedural error." *Id.*

In some instances, it may be that the better practice is for a district court to calculate the new sentencing range before deciding whether to grant or deny a First Step Act motion. In other instances, perhaps not. *Cf. Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009) (discouraging "[s]ubstantial expenditure[s] of scarce judicial resources on difficult questions that have no effect on the outcome of the case"). In any event, we decline to follow *Corner* by fashioning a hard-and-fast rule of automatic reversal.

First, in our view the Seventh Circuit's analysis of the text of the First Step Act is incorrect, as it takes the "complete review" language—which it called a "requirement"—out of context. The "complete review" mentioned in § 404(c) of the Act only relates to a court's ability to consider *successive* First Step Act motions: "No court shall entertain a motion made under this section to reduce a sentence if . . . a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." As we have suggested, this "complete review" language is relevant only with respect to successive motions. *See United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020). Indeed, the language appears nowhere else in the Act.[2]

---

[2] To the extent the Fourth and Sixth Circuits have issued decisions based on the same reading of § 404(c), we respectfully disagree with them as well. *See United States v. Collington*, 995 F.3d 347, 359 (4th Cir. 2021) (asserting that "[§]

Second, Rule 52(a) of the Federal Rules of Criminal Procedure instructs that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded," and the Supreme Court has held that "a federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by . . . Rule 52(a)." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1987). We have held, therefore, that a "Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009) (also explaining that "where the district [court] chooses to sentence within the range prescribed by the Sentencing Guidelines, an error in their calculation cannot be harmless"). An automatic reversal rule would be in tension, if not in conflict, with Rule 52(a) and our precedent. We are confident that we can decide, on a case-by-case basis, whether a district court's failure to properly calculate the new range constitutes reversible procedural error under the First Step Act.

## C

Following remand from the Supreme Court, Mr. Gonzalez argues that because the district court "never made any determination as to [his] applicable penalty," it failed to demonstrate that it

---

404(c) of the First Step Act requires district courts to undertake 'a complete review of the motion on the merits'") (quoting First Step Act, § 404(c)); *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020) ("Though coming from the provision that governs repeat resentencing motions, this language shows the dimensions of the resentencing inquiry Congress intended district courts to conduct: complete review of the resentencing motion on the merits.").

"reasoned through [his] arguments," as required by *Concepcion*. Appellant's Supp. Br. at 4. We disagree that the district court committed any error.

The Supreme Court in *Concepcion* explained that district courts deciding First Step Act motions "bear the standard obligation to explain their decisions," and must give a "brief statement of reasons" to "demonstrate that they considered the parties' arguments." 142 S. Ct. at 2404. But "[a]ll that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (alteration and internal quotation marks omitted).

*Concepcion* acknowledged that although district courts are required to consider arguments raised by the parties, "the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.* As we previously explained, the district court here did not abuse its discretion in denying Mr. Gonzalez's requested sentence reduction because it provided a brief statement of reasons that was clear and supported by the record. *See* D.E. 109 at 1–2 (explaining that Mr. Gonzalez's conduct while he was in prison and while on supervision, which involved drug offenses and numerous incidences of insubordination, demonstrated an unwillingness or an inability to abide by the law). As a result, the district court's explanation of its refusal to reduce Mr. Gonzalez's sentence due to his "continued lawless behavior" did not violate *Concepcion*. *See United States v. Williams*, 63 F.4th 908, 912–13 (11th Cir. 2023) (affirming, under *Concepcion*, the

denial of a motion for a sentence reduction under the First Step Act because the district court adequately explained its decision denying the motion).

## IV

We affirm the district court's denial of Mr. Gonzalez's motion under § 404(b) of the First Step Act.

**AFFIRMED.**