[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13681

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KINZIE DECARLOS THOMAS,
a.k.a. KD,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:08-cr-00004-AW-GRJ-8

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Kinzie DeCarlos Thomas, a federal prisoner serving a 262-month sentence for one count of conspiracy to distribute and possess cocaine and cocaine base, appeals from the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. On appeal, he argues that the district court abused its discretion by denying his request because: (1) the court did not properly weigh the 18 U.S.C. § 3553(a) factors; and (2) the court's mention that it was without authority to reduce his sentence "tainted" its analysis of the § 3553(a) factors. In response, the government concedes that he was eligible for such relief but opposes his justifications in support of his motion.[1] For the following reasons, we affirm the district court's denial.

**I.**

_____

[1] Although the district court questioned whether Thomas was ineligible for such relief because his initial probationary sentence had been revoked, the government has waived any challenge to eligibility under the First Step Act on appeal. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (en banc). In any event, we conclude that the government's concession is "well supported" because Thomas's post-revocation penalty relates to his original offense. *See United States v. Gonzalez*, 71 F.4th 881, 884 (11th Cir. 2023) (addressing eligibility of a defendant who had his supervised release revoked).

We review the denial of an eligible defendant's request for a reduced sentence under the First Step Act for an abuse of the district court's "broad discretion." *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

**II.**

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582. In 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the disparity between sentences for crack and powder cocaine offenses. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a statutory sentencing range of 10 years to life imprisonment from 50 grams to 280 grams and the quantity necessary to trigger a statutory range of 5 to 40 years' imprisonment from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)(2). In 2012, the Supreme Court held that the Fair Sentencing Act and any related reduction in a defendant's sentencing guidelines range applied to defendants who committed their crimes of conviction before the enactment of the Fair Sentencing Act but who were sentenced after its enactment. *Dorsey*, 567 U.S. at 281.

In 2018, Congress enacted the First Step Act, which retroactively applied the statutory penalties for "covered offenses" under the Fair Sentencing Act. *See* First Step Act § 404(a). The First Step

4                    Opinion of the Court                    22-13681

Act permits district courts to reduce a previously imposed term of imprisonment. First Step Act § 404(b). Thus, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act [] were in effect at the time *the covered offense* was committed." *Id.* (emphasis added). A movant's offense is a "covered offense" if he was convicted of a crack cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), section 2 or 3 of the Fair Sentencing Act modified its statutory penalties, and the offense was committed before August 3, 2010. *Id.* § 404(a); *Concepcion*, 142 S. Ct. at 2401.

Assuming the defendant is eligible, a district court may modify a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The United States Sentencing Commission has issued a binding policy statement, U.S.S.G. § 1B1.10, to govern sentence reductions under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 819 (2010). For a sentence to be reduced retroactively under § 3582(c)(2), the court must determine whether "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1); *see also id.* § 1B1.10, cmt. n.1(A) (explaining that eligibility for consideration under § 3582(c)(2) is "triggered only by an amendment listed in subsection (d)").

When considering a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-step analysis.

22-13681                Opinion of the Court                 5

*United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must determine the sentence that it would have imposed, given the defendant's amended guidelines range.  *Id.* at 780–81. Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent.  *Id.* at 781.

In exercising its preceding discretion, however, the district court must consider the § 3553(a) factors.  *Id.*; U.S.S.G. § 1B1.10 cmt. n..1(B)(i); *accord United States v. Caraballo-Martinez*, 866 F.3d 1233, 1239 (11th Cir. 2017).  In particular, the district court must consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with needed education or treatment; the kinds of sentence and applicable guideline range under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (2)(B)–(D), (4)–(7), 3582(c)(2).  The sentence must also reflect the seriousness of the offense, promote justice for the law, and provide just punishment for the offense.  *Id.* § 3553(a)(2)(A).

Finally, courts within this Circuit are permitted to articulate alternative reasoning for how each reached their respective conclusions.  *See Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301, 1315 (11th Cir. 2015).

Here, we conclude that the district court did not abuse its discretion in denying Thomas's motion for a sentence reduction. The district court properly concluded that the § 3553(a) factors did not support Thomas's sentence-reduction request, despite any mitigating factors, because he was found to be responsible for nearly a kilogram of cocaine at sentencing, was convicted of several similar drug offenses before, violated probation multiple times by engaging in the same conduct, and has yet to serve a majority of his 262-month sentence. Further, there is no evidence or authority to support his assertion that the district court's § 3553(a) analysis was tainted by its belief that he was ineligible for a sentence reduction. And, to the extent it chose to do so, the district court was within its authority to make alternative rulings on Thomas's motion. *See Kilgore*, 805 F.3d at 1315.

Accordingly, we affirm the district court's denial of Thomas's motion for a sentence reduction under § 404(b) of the First Step Act.

**AFFIRMED.**