[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11672

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELIJAH JAMES CHISOLM,
a.k.a. Jamie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:08-cr-00022-RH-CJK-2

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Elijah Chisolm, a federal prisoner proceeding *pro se,* appeals the district court's order denying his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018. The government has moved for summary affirmance. We grant the government's motion.

## I.

In 2009, a jury found Chisolm guilty of one count of conspiring to distribute or possess with intent to distribute 50 grams or more of crack cocaine (Count One), one count of distributing 50 grams or more of crack cocaine (Count Two), two counts of distributing five grams or more of crack cocaine (Counts Five and Six), and one count of distributing cocaine (Count Seven). Chisolm faced mandatory life sentences on Counts One and Two because he had two prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2008). In addition, the district court found at sentencing that Chisolm was subject to a career-offender enhancement. The court ultimately sentenced Chisolm to a term of life imprisonment on Counts One, Two, Five, and Six and 360 months' imprisonment on Count Seven, all to run concurrently. On appeal, we affirmed Chisolm's convictions and sentence. *See United States v. Chisolm*, 367 F. App'x 43 (11th Cir. 2010) (unpublished).

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii) (2011). But the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts the discretion to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective. *See* First Step Act § 404.

After the First Step Act went into effect, Chisolm filed a motion seeking a sentence reduction under the Act. The district court reduced his sentence to a term of 360 months' imprisonment.

About a year after the district court reduced his sentence, Chisolm filed a second motion under § 404, requesting a further sentence reduction. The government opposed the motion arguing, among other things, that the district court lacked the authority to

reduce Chisolm's sentence because the court had already reduced his sentence in accordance with the Fair Sentencing Act. The district court denied Chisolm's motion, explaining that the First Step Act "allow[ed] only a single reduction" under § 404. Doc. 321 at 1.[1]

A few months later, Chisolm filed a third motion seeking a sentence reduction under § 404 of the First Step Act. This time Chisolm argued that the district court should further reduce his sentence because it had erred at sentencing in applying the career-offender enhancement. The government opposed Chisolm's motion, again arguing that the district court lacked the authority to further reduce Chisolm's sentence because he had already received a sentence reduction. The district court denied Chisolm's third motion based on § 404(c)'s bar on successive motions.[2]

This is Chisolm's appeal.

**II.**

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] The district court also concluded that even if it had the authority to further reduce Chisolm's sentence, it would deny his motion because he had been properly sentenced under the career-offender enhancement.

23-11672                Opinion of the Court                5

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We review *de novo* whether a district court had the authority to modify a defendant's term of imprisonment under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

### III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. Section 404(c) imposes a limit on successive motions for sentence reductions. It states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the . . . Fair Sentencing Act . . . or if a previous motion made under this section to reduce the sentence was . . . denied." First Step Act § 404(c). Under this provision, "[a] district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 496 (2022); *see also United States v. Gonzalez*, 71 F.4th 881, 886 (11th Cir. 2022)

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(explaining that § 404(c) bars courts from "consider[ing] *successive* First Step Act motions" (emphasis in original)).

Here, the district court granted Chisolm's first motion under § 404 and reduced his sentence in accordance with Sections 2 and 3 of the Fair Sentencing Act of 2010. Because the First Step Act plainly states that a movant may receive only one such sentence reduction, the district court properly denied Chisolm's most recent motion under § 404, which sought a further sentence reduction. *See* First Step Act § 404(c); *Concepcion*, 597 U.S. at 496. Because the government's position is clearly correct as a matter of law and there is not a substantial question as to the outcome of the case, we conclude that summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED.

**AFFIRMED.**