[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12129

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN LAMAR RATLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:08-cr-00038-RH-MAL-2

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Ratliff, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a further sentence reduction under § 404(b) of the First Step Act of 2018. The government has moved for summary affirmance. We grant the government's motion.

## I.

In 2008, a jury found Ratliff guilty of possessing with intent to distribute five grams or more of crack cocaine as well as conspiring to distribute or possess with intent to distribute five grams or more of crack cocaine. The district court imposed a sentence of 360 months' imprisonment.

After Ratliff was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced

penalties applied only to defendants who were sentenced on or after its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts the discretion to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act to movants sentenced before those penalties became effective. *See* First Step Act § 404. Based on the First Step Act, the district court reduced Ratliff's sentence to 262 months' imprisonment.

In July 2021, Ratliff filed a new motion requesting a further sentence reduction under § 404 of the First Step Act. The district court denied Ratliff's motion. Ratliff appealed that decision. In the appeal, the government moved for summary affirmance, which we granted. *See United States v. Ratliff*, No. 21-13949, 2022 WL 987424 (11th Cir. Apr. 1, 2022) (unpublished). We explained that because the district court had already "reduced Ratliff's sentence in accordance with sections 2 and 3 of the Fair Sentencing Act, it was not authorized to entertain Ratliff's later motion requesting a further reduction under § 404 of the First Step Act." *Id.* at *2.

In February 2023, Ratliff filed another motion seeking a further sentence reduction under § 404 of the First Step Act, urging the district court to consider intervening changes in the law, which he said showed that he no longer qualified as a career offender. The district court denied Ratliff's motion. Ratliff now appeals the denial of his February 2023 motion.

## II.

Summary disposition is appropriate either where time is of the essence, such as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* whether a district court had the authority to modify a defendant's term of imprisonment under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

## III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. Section 404(c) imposes a limit on successive motions for sentence reductions. It states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with . . . the Fair Sentencing Act . . . or if a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

previous motion made under this section to reduce the sentence was . . . denied." *Id.* § 404(c). Under this provision, "[a] district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 496 (2022); *see United States v. Gonzalez*, 71 F.4th 881, 886 (11th Cir. 2023) (explaining that § 404(c) bars courts from "consider[ing] *successive* First Step Act motions" (emphasis in original)).

Here, the district court previously reduced Ratliff's sentence in accordance with Sections 2 and 3 of the Fair Sentencing Act of 2010. Because the First Step Act plainly states that a movant may receive only one such sentence reduction, the district court properly denied Ratliff's most recent § 404 motion, which sought a further sentence reduction. *See* First Step Act § 404(c); *Concepcion*, 597 U.S. at 496. Because the government's position is clearly correct as a matter of law and there is not a substantial question as to the outcome of the case, we conclude that summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED.

**AFFIRMED.**