[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12061

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VINCENT KEITH RAINES,
a.k.a. Silk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:04-cr-00028-AW-GRJ-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Vincent Raines, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion seeking a reduction in his sentence based on § 404(b) of the First Step Act. Because the district court did not abuse its discretion in declining to reduce his sentence, we affirm.

**I.**

In 2005, Raines pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing crack cocaine. At sentencing, the district court found that he was responsible for 732.8 grams of crack cocaine. It also determined that he qualified as a career offender under the Sentencing Guidelines. The court ultimately imposed a sentence of 294 months' imprisonment followed by a ten-year term of supervised release.

While Raines was serving his sentence, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing

Act § 2(a); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts discretion to apply the Fair Sentencing Act's reduced statutory penalties for crack-cocaine offenses to defendants who were sentenced before the Fair Sentencing Act went into effect. *See* First Step Act § 404.

Raines filed a motion for a sentence reduction under § 404(b) of the First Step Act. He argued that he was eligible for a sentence reduction because the Fair Sentencing Act changed the statutory penalty range for his offense. He urged the court to exercise its discretion to reduce his sentence, arguing that he has been rehabilitated while incarcerated. He asked the court to consider his advanced age as well as intervening changes in the law, including that he would no longer qualify as a career offender.

In response to Raines's motion, the government took no position on whether the district court should exercise its discretion. It noted that the court could consider the quantity of drugs involved in the offense and Raines's serious criminal history, which included "two prior convictions for aggravated assault with a firearm from two separate incidents" in which he pointed a handgun at a victim's

head. Doc. 198 at 6–7.[1] The government also argued that "Raines would qualify as a career offender even if he were sentenced today." *Id.* at 6 n.1. But the government acknowledged that the court also could consider evidence of Raines's rehabilitation, including that he had completed "over 1200 hours of educational, exercise[,] and vocational courses during his confinement" and had no disciplinary incidents in over a decade. *Id.* at 7.

The district court determined that Raines was eligible for a sentence reduction but declined to reduce his sentence after considering the factors set forth at 18 U.S.C. § 3553(a).[2] The district court noted there was "encouraging" evidence of rehabilitation, which weighed in favor of awarding a reduction. Doc. 199 at 1. But because of the amount of crack cocaine involved in the offense and Raines's criminal history, the court ultimately decided not to reduce his sentence. In its order, the court expressly found that "even

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

if Raines were sentenced today," he would qualify as a career of-fender and his 292-month sentence would fall within the applicable guidelines range. *Id*. at 2.

Raines appealed. We held that the district court "made a le-gal error" when it concluded that Raines continued to qualify as a career offender. *United States v. Raines*, No. 21-12831, 2023 WL 2784048, at *3 (11th Cir. Apr. 5, 2023) (unpublished). We explained that an intervening change in the law made clear that his offense—conspiracy to distribute a controlled substance—did not qualify as a controlled-substance offense under the career-offender guideline. *Id*. at *4 (citing *United States v. Dupree*, 57 F.4th 1269, 1280 (11th Cir. 2023) (en banc)). Accordingly, we vacated the district court's order denying Raines's motion for a sentence reduction and remanded for the district court to address "whether to exercise its discretion in light of the fact that Raines would not qualify as a career offender if he were sentenced today." *Id*. We "express[ed] no opinion about whether, given this intervening change in the law, the district court should exercise its discretion." *Id*.

Less than two weeks after we issued the mandate and with-out receiving supplemental briefing from the parties, the district court issued an order considering anew whether to reduce Raines's sentence. The court again declined to reduce his sentence. It "con-sidered the intervening changes in the law, including the fact that under *Dupree*, a conspiracy conviction is not a qualifying offense for career-offender purposes." Doc. 219 at 3. But it ultimately con-cluded that "aggravating factors," including the "significant drug

volume and [Raines's] serious and violent criminal history" made "a reduction below the current sentence unwarranted." *Id.*

Raines again appeals.

## II.

We review for an abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

## III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. Even when a defendant is eligible for a sentence reduction, a "district court is not required" to reduce his sentence. *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021) (internal quotation marks omitted). "A district court has wide latitude to determine whether and how to exercise its discretion in this context." *Id.* (alteration adopted) (internal quotation marks omitted). In deciding how to exercise its discretion, "a district court may consider the sentencing factors set forth in

23-12061                Opinion of the Court                7

18 U.S.C. § 3553(a), but it is not required to do so." *United States v. Gonzalez*, 71 F.4th 881, 885 (11th Cir. 2023).

We cannot say that the district court abused its discretion upon remand when, after considering the § 3553(a) factors, it decided not to reduce Raines's sentence. Although the court's decision was relatively short, it weighed the relevant § 3553(a) factors and ultimately declined to reduce Raines's sentence because of the nature and circumstances of the offense and his criminal history.

On appeal, Raines points to considerations that would support a reduction—his advanced age, the evidence of his rehabilitation while incarcerated, and intervening changes in the law that would result in a similarly situated individual receiving a shorter sentence today—to argue that the § 3553(a) factors favor a sentence reduction. But "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016); *see United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) ("The decision about how much weight to assign to a particular sentencing factor is committed to the sound discretion of the district court." (internal quotation marks omitted)).[3] We conclude that the

---

[3] Raines complains that on remand the district court denied his motion for a sentence reduction without letting him submit a supplemental brief. A district court has inherent authority to manage its docket. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (explaining that district courts "have unquestionable authority to control their own dockets" and "decid[e] how best to manage the cases before them" (internal quotation marks omitted)).

district court did not abuse its discretion when it weighed the factors.

**AFFIRMED.**

---

Given that the parties had already submitted filings addressing whether the district court should exercise its discretion, we cannot say that the district court abused its discretion when it weighed the § 3553(a) factors and decided not to reduce Raines's sentence without giving him the opportunity to submit a supplemental brief.