**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 25-10914
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHN HENRY ALEXANDER,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:05-cr-14042-JEM-1

————————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

John Alexander appeals his 48-month sentence imposed following the revocation of his supervised release term. He argues that the sentence is illegal and the district court procedurally erred

because the court failed to acknowledge that the underlying offense of conviction had been reclassified from a class A felony to a class B felony under the Fair Sentencing Act, which was made retroactively applicable by the First Step Act and resulted in a lower applicable supervised release statutory maximum. After review, we affirm.

## I.    Background

In 2005, Alexander pleaded guilty to one count of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court imposed a sentence of 170 months' imprisonment to be followed by eight years of supervised release. He began serving his term of supervised release in October 2016. However, he violated the terms of his release and admitted to violating the law and being charged with resisting/obstructing an officer without violence, possession of marijuana, and possession of drug paraphernalia; testing positive for cocaine use; and failing to perform community service. As a result, the district court revoked his supervised release in 2019 and sentenced him to 18 months' imprisonment to be followed by six years' supervised release. Alexander began serving the six-year term of supervised release in February 2020.

Between April 2020 and October 2022, the United States Probation Office notified the court of three alleged violations of the terms of Alexander's supervised release, but recommended no action be taken, and the district court agreed. However, in 2024, the probation office filed a petition seeking the revocation of

Alexander's supervised release on the ground that he had violated the law by distributing a controlled substance in violation of federal law.  At a hearing on the petition, Alexander admitted to the violation.

Prior to the final revocation hearing, Alexander filed a motion for a sentence below the guidelines range.  He asserted that his original offense of conviction—possession with intent to distribute in excess of five grams of cocaine base—was a class A felony in 2005, but in 2010 Congress enacted the Fair Sentencing Act which reduced the penalties for crack cocaine offenses.  As a result of the changes, his offense of conviction is now a class B felony with a lower guidelines range.  And the First Step Act of 2018 made the Fair Sentencing Act retroactively applicable.  Thus, he argued for a sentence of time served, or, alternatively, a sentence to run concurrently with the sentence imposed in the federal case for the charge of distributing a controlled substance.  He emphasized that such a sentence was warranted given his age (47), the fact that his violation was limited to one count of conduct, and the fact that he had already served 188 months for his original offense of conviction, which was significantly higher than the sentence he would have received had he been sentenced today.

The government opposed the motion.  It agreed that the First Step Act gave the court the discretionary authority to reclassify Alexander's original offense of conviction from a class A felony to a class B felony for the purpose of determining the penalty for his supervised release violation, but it argued that the court

should not do so because Alexander's new violation involved a sophisticated drug scheme involving the distribution of methamphetamine and demonstrated his escalating conduct. Accordingly, the government requested a 60-month sentence to be followed by ten years' supervised release based on the nature and circumstances of the offense; Alexander's lengthy criminal history,[1] which demonstrated Alexander's "inability, or unwillingness, to reform his conduct"; and to promote respect for the law.

At the final revocation hearing, the government reemphasized that the court had the discretion to reclassify the original offense of conviction to a class B felony in order to determine the supervised release penalty, but it urged the court not to do so primarily "because the nature of the new offense conduct so closely mirror[ed] that of [Alexander's] original offense conduct" and his lengthy criminal history. Alexander's counsel agreed that the court was not required to reclassify his original offense of conviction, but he urged the court to consider that he had already served "a significant amount of time on this case" based on guidelines that "would not have been operable if" he was sentenced today for the same offense. Alexander's counsel

---

[1] Alexander's felony criminal history began at the age of 17 and included a 1994 Florida conviction for battery on a law enforcement officer; a 1995 Florida escape conviction; 1998 Florida convictions for sale of cocaine and sale of cannabis; 2002 Florida convictions for introduction of contraband into a county detention facility and resisting an officer without violence, and several misdemeanor convictions as well. He also violated the terms of his probation on multiple occasions.

acknowledged that Alexander had a lengthy criminal history and a history of violating supervised release, but he urged the court to consider that some of those offenses occurred when Alexander was only 17 and that he was facing a lengthy sentence for the separate federal distribution of methamphetamine offense.

The court noted that Alexander was not "a very sympathetic" defendant—he had been arrested numerous times and had started committing crimes "at a very young age and he ha[d] continued on." The court further noted that Alexander's record indicated that the State had nolle prossed or withheld adjudication in several instances. And the court acknowledged that even with his sentence for the separate federal distribution offense, Alexander would be 55 (possibly younger) when released, and would still have a good deal of life ahead of him.

Alexander then made a statement to the court. He emphasized that "a lot of the cases" occurred when he was "a juvenile" and he made "mistakes" with other kids. He asserted that "some of the things [he] was accused of [he] had no involvement in" or he should have never been charged with in the first place. He explained that he did not have the benefit of "a private lawyer" or anyone to "fight for [him] in the right way." And he emphasized that he would have served much less time for his original offense involving cocaine base if he had been sentenced under the current laws. He explained that he was older now and realized he had made mistakes, and he did not want his "whole life [to] be based

on charges that [he] really should have never been charged with."
He begged the court to show mercy.

The court noted that "[t]he volume" of Alexander's arrests
was "astounding," and although "[a] lot" of his prior crimes were
committed in his youth, "not all of them" were. The court
determined that the applicable guidelines range for the violation
was 51 to 60 months' imprisonment, which was based on the
original offense of conviction being a class A felony and Alexander's
criminal history category of VI. *See* U.S.S.G. § 7B1.4 (2024).[2] The
district court determined that a sentence below that range was
appropriate after considering the parties' arguments and
information in the violation report. Accordingly, the district court
revoked Alexander's supervised release and sentenced him to 48
months' imprisonment to be followed by 60 months' supervised
release. The court ordered that the term would run consecutively
to Alexander's sentence for the federal distribution charge. This
appeal followed.

## II.    Discussion

Alexander argues that the district court imposed an illegal
sentence and procedurally erred because it was "required . . . to
treat [his] underlying [original] offense as a Class B felony" under
the First Step Act, and his 48-month sentence exceeds the statutory

---

[2] According to Alexander, if the original offense of conviction had been
reclassified as a class B felony, the guidelines range would have been 31-37
months' imprisonment, and the statutory maximum would have been 36
months' imprisonment.

maximum for a violation based on an underlying Class B felony. Alternatively, he argues that even if the decision to reclassify his original offense of conviction was merely discretionary, "nothing in the record reflects that the district court understood it had the discretion" or "was affirmatively choosing not to exercise it," such that vacatur of his sentence and resentencing are required.

The district court may, after considering certain factors in 18 U.S.C. § 3553(a), revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *See* 18 U.S.C. § 3583(e)(3). If the offense that resulted in the original term of supervision is a class A felony, the defendant faces a statutory maximum term of five years' imprisonment. *Id.* If the offense that resulted in the original term of supervision is a class B felony, the defendant faces a statutory maximum term of three years' imprisonment. *Id.* An offense is classified as a class A felony if the maximum term of imprisonment is life or the maximum penalty is death. 18 U.S.C. § 3559(a)(1). An offense is classified as a class B felony if the maximum term of authorized imprisonment is 25 years or more. *Id.* § 3559(a)(2).[3]

---

[3] It is undisputed that in 2005, Alexander faced a statutory maximum term of imprisonment of life for possession with intent to distribute in excess of five grams of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2005) (providing for a punishment of up to life where the offense involved 5 grams or more of cocaine base and the defendant had a prior conviction for a felony drug offense). Thus, his offense of conviction was a class A felony. 18 U.S.C. § 3559(a)(1). However, following the Fair Sentencing Act of 2010, which

"[A] sentence imposed upon revocation of supervised release is eligible for a sentence reduction under . . . the First Step Act when the underlying crime is a covered offense within the meaning of the Act." *United States v. Gonzalez*, 71 F.4th 881, 884–85 (11th Cir. 2023). However, "the First Step Act [merely] authorizes district courts to reduce the sentences of defendants with covered offenses"; it "does not require them to do so." *Id.* at 885. Accordingly, we review the district court's decision whether to reduce an eligible defendant's sentence for abuse of discretion. *Id.* "We review *de novo* the legality of a sentence." *United States v. Hall*, 64 F.4th 1200, 1202 (11th Cir. 2023).

As an initial matter, Alexander is incorrect that the district court was "required" to reclassify his original offense of conviction as a class B felony. *Gonzalez*, 71 F.4th at 885. Rather, the district court had the discretion to do so. *Id.* Alexander's argument that there is nothing in the record which illustrates that the district court understood it had the discretion to reclassify the underlying offense and affirmatively opted not to exercise that discretion is undermined by the record. Both parties affirmatively asserted at the final revocation hearing that the district court had the discretion to reclassify the original offense of conviction as a class B felony and presented extensive argument related to the exercise of that discretion. Thus, it is clear that the district court understood

---

reduced the penalties for crack cocaine offenses, that same offense now carries a statutory maximum of 30 years' imprisonment, rendering it a class B felony. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a)(2).

it had the discretion to reclassify the original offense of conviction to a class B felony.

Moreover, the district court made several comments concerning Alexander's troubling arrest record and lengthy criminal history, which adequately explained why it declined to exercise its discretion in this case. Accordingly, the district court did not abuse its discretion and Alexander's 48-month sentence based on his original offense of conviction being a class A felony is not illegal.

**AFFIRMED.**