**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12494

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHARLES BAKER, III,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:98-cr-00044-TFM-2

————————————

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Baker, III, proceeding pro se, appeals the district court's denial of his motion for a sentence reduction pursuant to § 404(b) of the First Step Act after its imposition of a 60-month

prison sentence following the revocation of his supervised release. He argues that the court abused its discretion because it failed to consider his entire record of post-offense conduct and gave significant weight to improper or irrelevant factors.

We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (italics omitted).

The Fair Sentencing Act of 2010 amended 21 U.S.C. §§ 841(b)(1), 960(b) to reduce the sentencing disparity between offenses involving crack cocaine and those involving powder cocaine. Pub. L. 111-220, 124 Stat. 2372, §§ 2, 3. Section 404 of the First Step Act made retroactive provisions of the Fair Sentencing Act that increased the amount of crack cocaine required to trigger higher mandatory minimums. *See* First Step Act § 404(b).

Section 404 of the First Step Act allows a court to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. *Id.* Under § 404, a prisoner may file a motion for a sentence reduction with the sentencing court. *Id.* A movant is eligible for a sentence reduction pursuant to § 404 if he was sentenced for a "covered offense;" that is, if he was convicted of an offense involving crack cocaine that triggered the penalties in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii). *United*

*States v. Gonzalez*, 71 F.4th 881, 884 (11th Cir. 2023); *see also Terry v. United States*, 593 U.S. 486, 492-93 (2021) (detailing the offenses triggering eligibility for sentence reductions under the First Step Act).

However, "§ 404(b) of the First Step Act authorizes district courts to reduce the sentences of defendants with covered offenses but does not require them to do so." *Gonzalez*, 71 F.4th at 885. When reviewing a district court's decision regarding the reduction of a sentence pursuant to the First Step Act, we recognize that courts have "a range of choice as long as the choice does not constitute a clear error of judgment." *Id.* (quotation marks omitted).

We have held that, "[b]ecause a period of supervised release is simply a part of the sentence for the underlying conviction," a revocation sentence "is eligible for a sentence reduction under § 404(b) of the First Step Act when the underlying crime is a covered offense within the meaning of the Act." *Id.* at 884-85 (quotation marks omitted).

In *Concepcion*, the Supreme Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 500 (2022). The Supreme Court noted in *Concepcion* "that when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Id.* at 500-01. That said, "a district court is not required to be persuaded by every argument parties make, . . . . [n]or is a district court required to articulate anything

more than a brief statement of reasons." *Id.* at 501. We do not take a court's failure to discuss certain mitigating evidence to mean "that the court erroneously ignored or failed to consider this evidence in determining" a sentence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted).

Section 3553(a) lists the factors that a court must consider when fashioning a sentence. 18 U.S.C. § 3553(a). Courts must consider the following factors: (1) the defendant's characteristics and the nature and circumstances of his offense; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and provide the defendant with needed training or care; (3) the types of sentences available; (4) the types and lengths of sentences established for the category of offense and, in the case of a violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide victims of the offense with restitution. *Id.*

District courts are "not statutorily required to consider the § 3553(a) sentencing factors in exercising its discretion under . . . the First Step Act." *United States v. Stevens*, 997 F.3d 1307, 1318 (11th Cir. 2021). However, courts "may consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, post-imprisonment rehabilitation, or any other relevant facts and circumstances." *Id.* Because a district

court is not required to address the § 3553(a) factors, its "alternative exercise of discretion in denying a First Step Act motion can suffice for affirmance," so "long as it is not ambiguous." *Gonzalez*, 71 F.4th at 885.

Here, because Baker's original offense was a "covered offense," he is eligible for a sentence reduction under the First Step Act. *See Gonzalez*, 71 F.4th at 884; *Terry*, 593 U.S. at 492-93. However, the district court was authorized to use its discretion to decide whether to grant Baker's motion, and, consequently, whether to shorten his revocation sentence. *See Gonzalez*, 71 F.4th at 884-85. In the denial order issued by the district court, the court explained its reasoning, explaining that the sentence served the purposes of sanctioning Baker for his breach of trust and criminal conduct while under supervision, and it explicitly stated that the § 3553(a) factors did not favor relief. It also noted that it would have imposed a 60-month prison term regardless of whether the revocation hearing had been held before or after Baker's conviction in the District of Arizona. Though Baker argues that the district court's order did not make clear that it had considered his arguments in mitigation, the court specifically noted that it had considered Baker's motion, the government's response in opposition, and Baker's reply when deciding whether to grant the motion. The district court's reasoning satisfies *Concepcion*'s requirement that courts show that they considered the parties' arguments and explain their reasoning, particularly considering that courts are not "required to articulate anything more than a brief statement of reasons." *Concepcion*, 597

U.S. at 500-01.  Further, a court's failure to mention certain arguments in mitigation does not suggest that the court failed to address them.  *See Amedeo*, 487 F.3d at 833.  The court considered his arguments and determined that the relevant factors did not support a sentence reduction, and it was within its discretion to do so.  *See Stevens*, 997 F.3d at 1318; *Concepcion*, 597 U.S. at 500; *Gonzalez*, 71 F.4th at 885.

The district court did not abuse its discretion by denying Baker's motion for a sentence reduction because it was within its discretion to do so, and it articulated its reasons for its decision. Accordingly, we affirm.

AFFIRMED.